**David TATUM, Plaintiff,**

v.

**Jo Anne B. BARNHART, in her official capacity as Commissioner of the Social Security Administration, Defendant.**

**No. J02–0026 CV (JKS).**

United States District Court, D. Alaska.

Dec. 16, 2004.

## ORDER

SINGLETON, District Judge.

Presently before the Court is Plaintiff David Tatum's request for attorney fees. Docket Nos. 24 (Mot.); 25 (Opp'n); 26 (Reply). The matter was referred to the Honorable Philip M. Pallenberg, United States Magistrate Judge. Judge Pallenberg recommends that the request for attorney fees be granted. Docket Nos. 28 (Initial R & R); 32 (Final R & R). The Court has reviewed the record de novo, exercised its independent judgment, and agrees with Judge Pallenberg's conclusions.

## BACKGROUND

The underlying case giving rise to the request for attorney fees was a Social Security appeal. The original denial of benefits to Plaintiff was reversed and remanded by this Court for an award of benefits. *See* Docket Nos. 19(R & R); 20 (Order). During the Social Security proceedings, Plaintiff was represented by Mark Regan, an attorney with Alaska Legal Services ("ALS"). Subsequent to the Court's order remanding for an award of benefits, Plaintiff filed an application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docket No. 24. The motion was filed by Carol H. Daniel, an attorney in private practice retained specifically to represent Plaintiff in the recovery of attorney fees. Daniel included with the motion a declaration itemizing the amount requested in fees and stating that her representation of Plaintiff was restricted to the collection of attorney fees. *Id.*, Decl. of Daniel ¶ 1.

The Commissioner initially opposed the motion for attorney fees on the ground that the claimed number of hours spent on the case was excessive. Docket No. 25 at 2. Collectively, Regan and Daniel submitted a total of 77.2 hours, which amounted to $11,487.00 in fees. *See* Docket No. 26. In the Initial Report and Recommendation, Judge Pallenberg observed that the case involved factual and legal issues more complex than those presented by a "run of the mill social security case." Docket No. 28 at 4. He noted that Daniel required time to familiarize herself with the case— time that would not ordinarily accrue if original counsel were bringing the request for attorney fees—and that substitution of counsel was required because legal service corporations ("LSCs") are prohibited from seeking fees under the EAJA. *Id.* at 6–7. Daniel, Judge Pallenberg concluded, appropriately discounted this time from the total hours submitted. *Id.* at 7. Judge Pallenberg recommended that the motion be granted and that the Court award fees in the amount of $11,487.00. *Id.* at 9.

The Commissioner, apparently spurred into action by Judge Pallenberg's mention of the statutory limitations on LSC attorneys, objected to the Initial Report and Recommendation on the ground that Regan is statutorily barred from seeking attorney fees. Docket No. 29. The Commissioner argues that by providing Daniel with an affidavit of hours, Regan was at-

tempting to claim attorney fees. *Id.* at 3–4. Judge Pallenberg addressed this new contention in the Final Report and Recommendation. Docket No. 32. He concluded that it is appropriate to award attorney fees where an otherwise unaffiliated attorney represents a client in an attorney fees request that itemizes hours expended by a LSC attorney during the merits of the case.

## DISCUSSION

### I. Plaintiff's Attorneys' Hours

 The Commissioner argues that Plaintiff's counsel, both in the merits portion and the attorney fees portion, spent an excessive number of hours on the case. The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "[F]ees and other expenses" include "reasonable attorney's fees." 28 U.S.C. § 2412(d)(2)(A).[1] The amount constituting "reasonable attorney's fees" is within a district court's discretion because it is uniquely positioned to understand the complexity of the proceedings. *See Hensley v. Eckerhart*, 461 U.S. 424, 436–37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (interpreting the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988(b)). As a starting point in exercising this discretion, courts determine the number of hours reasonably expended on the litigation, multiplied by a reasonable billing rate. *Id.* at 433, 103 S.Ct. 1933.

"Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 434, 103 S.Ct. 1933. In addition to multiplying reasonable hours by reasonable rates, courts consider the "results obtained" in awarding attorney fees. *Id.* "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee" that includes all hours expended on the case. *Id.* at 435, 103 S.Ct. 1933.

Here, Regan spent 69 hours on the merits portion of the case, and Daniel spent 5.1 hours on the attorney fees portion. *See* Docket No. 28 at 2, 6. Regan's rates are $144 and $147 per hour, and Daniel's rate is $150 per hour. *Id.* Regan spent sixty-nine hours drafting a six-page complaint, Docket No. 1, a motion for summary judgment supported by a thirty-seven-page brief, Docket No. 13, and a fourteen-page reply to the Commissioner's opposition, Docket No. 15. *See* Docket Nos. 24, Aff. of Regan ¶ 2; 28 at 2. Regan also participated in oral argument before Judge Pallenberg. Judge Pallenberg found Regan to be highly skilled and noted that Regan's briefs and contributions at oral argument were helpful and thorough. Docket No. 28 at 4.

Daniel originally sought compensation for 8.2 hours spent in preparing the request for attorney fees. Docket No. 24, Decl. of Daniel ¶ 4. To reflect the hours spent solely as a result of the need to retain new counsel to file the fee petition, Daniel subsequently reduced the number of hours to 5.1. Docket No. 26 at 7. Judge Pallenberg agreed that this reduction was

---

1. The Commissioner does not object to the requested hourly rates, argue "substantial[ ] justifi[cation]," or argue that "special circum- stances" would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); Docket No. 25.

appropriate. Docket No. 28 at 5–7. In sum, Judge Pallenberg determined that the total number of hours spent on the merits and fee request were not "excessive, redundant, or otherwise unnecessary." *See Hensley*, 461 U.S. at 434, 103 S.Ct. 1933.

■ In addition to reviewing the number of hours spent on the case, Judge Pallenberg considered the results obtained. Docket No. 28 at 5. As outlined above, the denial of benefits to Plaintiff was reversed and remanded for an award of benefits. The amount awarded is not known to the Court, but, as stated by Judge Pallenberg, "it is clear that the amount is very substantial." *Id.* Plaintiff's benefits spanned a period of twelve years, and the award that he received as a result of this Court's order included benefits covering those years. As Judge Pallenberg concluded, "[i]t seems likely that the amount is well into six figures." *Id.* The successful outcome of the case justifies full compensation for Plaintiff's attorneys' hours. *See Hensley*, 461 U.S. at 435, 103 S.Ct. 1933.

## II. Statutory Restrictions on Claiming Attorney Fees

LSC programs receive federal funding on a number of conditions. The conditions include prohibiting recipients of federal legal services funds from claiming, collecting, or retaining attorney fees. Section 504(a)(13) of the Omnibus Consolidated Rescissions and Appropriations Act of 1996 provides:

None of the funds appropriated in this Act to the Legal Services Corporation may be used to provide financial assistance to any person or entity (which

may be referred to in this section as a "recipient")

. . . .

that claims (or whose employee claims), or collects and retains, attorneys' fees pursuant to any Federal or State law permitting or requiring the awarding of such fees[.]

Pub.L. No. 104–134 § 504(a)(13); 110 Stat. 1321 (1996).[2] The implementing regulations positively restrict the activities of entities receiving funding. "No recipient or employee of a recipient may claim, or collect and retain attorneys fees in any case undertaken on behalf of a client of the recipient." 45 C.F.R. § 1642.3. "To claim attorneys' fees means to include a request for attorneys' fees in any pleading." 45 C.F.R. § 1642.2(d).

■ Here, it is clear that Regan and his employer, ALS, are not attempting to collect or retain attorney fees. Plaintiff signed an agreement stating that any fee obtained would be donated to the Alaska Pro Bono Program, Inc. *See* Docket No. 31, Attach. 1. Whether Regan or ALS are attempting to "claim" attorney fees is a closer question.

■ The Commissioner argues that Regan is trying to "claim" attorney fees by signing an affidavit regarding the hours he spent on Plaintiff's case. Plaintiff argues that Daniel is claiming fees on Plaintiff's behalf, a practice that they argue conforms with the restrictions on federally funded LSCs such as ALS. The Legal Services Corporation Office of Legal Affairs ("OLA") addressed the issue in External Opinion # EX–2003–1005, *available at* http://www.lsc.gov/foia/olaeo/EX–2003–1005.PDF. The opinion states:

---

**2.** LSC has interpreted § 504(a)(13) as pertaining to Social Security fees even though payment to attorneys in such cases often comes from back Social Security benefits and may

not, therefore, be "awarded" in the usual sense. *See* LSC Laws & Regulations § 1642.2 *available at* http://www.lsc.gov/pressr/regulati/1642.htm# p.

A recipient may transfer time records relating to its work for a former client to the former client's new private (non-LSC funded) attorney who seeks to make a claim for attorneys' fees on the recipient's former client's behalf. However, OLA wishes to clarify that this is the case only in cases in which it is the client and not the attorney(s) who has legal ownership over the attorneys' fees. *Id.*[3] Under the EAJA, attorney fees are the property of the client. *Knight v. United States,* 982 F.2d 1573, 1582, 1584 (1993) (stating that any claim to attorney fees under the EAJA belongs to the client and that "[o]nly [the plaintiff] can assert an EAJA claim, not his attorneys").

The claim for attorney fees here is on behalf of the Plaintiff, not Regan or ALS, and does not otherwise violate the prohibition against LSC attorneys claiming, collecting, or retaining attorney fees. The attorney fees petition does not constitute a "claim" to attorney fees by Regan as he merely signed an affidavit of hours and did not submit a "pleading" related to the fee petition. *See Sellers v. Henman,* 41 F.3d 1100, 1101 (7th Cir.1994) (stating that an affidavit is not a pleading); *Big Stone Broadcasting Inc., v. Lindbloom,* 161 F.Supp.2d 1009, 1013 (D.S.D.2001) (agreeing with "the overwhelming weight of authority" that an affidavit in support of a motion for summary judgment does not constitute a pleading). More importantly, the practice of hiring new, unaffiliated counsel to handle an attorney fees petition, on behalf of a client formerly represented by an LSC attorney, that seeks compensation for the hours spent by the LSC attorney has been formally approved by the OLA. External Opinion # EX–2003–1005, *available at* http://www.lsc.gov/foia/olaeo/EX–2003–1005.-PDF. The Commissioner has not shown

that the decision of the OLA should not be entitled to deference.

Because the number of hours spent in connection with Plaintiff's Social Security appeal and the petition for attorney fees was not excessive and because the request for fees is not barred by the restrictions on LSC attorneys, the application for attorney fees at **Docket No. 24** is **GRANTED.** Fees will be awarded to Plaintiff in the amount of $11,487.00.

**IT IS SO ORDERED.**

---

3. The LSC's interpretation of its own regulations is entitled to deference. *See Texas Rural*

*Legal Aid, Inc. v. Legal Servs. Corp.,* 940 F.2d 685, 689–90 (D.C.Cir.1991).